E-FILED
Monday, 27 April, 2020  03:19:09 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse | | Office of the Clerk |
| Room 2722 - 219 S. Dearborn Street | | Phone: (312) 435-5850 |
| Chicago, Illinois 60604 | | www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

March 25, 2020

To:     Shig Yasunaga
        UNITED STATES DISTRICT COURT
        Central District of Illinois
        Davenport , IA 52801-0000

| | |
|---|---|
| No. 19-1425 | ISRAEL RUIZ,<br> Plaintiff - Appellant<br><br>v.<br><br>CATALINO BAUTISTA, et al.,<br> Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 4:18-cv-04155-CSB<br>Central District of Illinois<br>District Judge Colin S. Bruce |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:          No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                    **Received by:**

  4/27/2020                                  s/K. England

–                           ____          –                              ____

form name: **c7_Mandate**(form ID: **135**)

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 24, 2020[*]
Decided February 28, 2020

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1425

| | |
|---|---|
| ISRAEL RUIZ, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 18-cv-4155 |
| | |
| CATALINO BAUTISTA, *et al.,* | Colin S. Bruce, |
| *Defendants-Appellees.* | *Judge.* |

### O R D E R

Shortly after filing a prisoner's rights complaint, Israel Ruiz applied for leave to proceed in forma pauperis (IFP). The district court concluded that Ruiz intentionally lied about his finances on the application and dismissed the suit with prejudice under 28 U.S.C. § 1915(e)(2)(A). Because the court's decision rested on flawed factual findings, we reverse this part of the judgment and remand for further proceedings.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Ruiz, an Illinois inmate, sued several prison officials for the medical care that he received in prison. On his application to proceed IFP, Ruiz explained that he never received a printed form from the district court, so he copied one from another inmate, writing out the questions by hand and then responding accordingly. In response to a question about payments received from the prison, Ruiz disclosed that he received $10 a month. Another question asked if "you or anyone else living at the same residen[ce] receive[d] more than $200 in the past twelve months" from any of seven listed sources of income. Next to the categories for "gifts" and "any other sources," Ruiz checked "no." He also declared under penalty of perjury that the information on the form was "true and correct" and that he understood that false allegations of poverty would result in dismissal of his suit. He attached a six-month transaction history for his inmate trust-fund account, showing a balance of $191.53. The statement also showed that he had received a total of $750 from three people in the six months before filing suit.

The district court granted Ruiz's IFP application. The court assessed an initial partial filing fee and then directed the prison to submit partial payments from Ruiz's inmate account until the $350 filing fee was paid in full.

Soon after, Ruiz moved the court to recruit counsel for him. See 28 U.S.C. § 1915(e)(1). Stating that he had only an eighth-grade education, Ruiz asserted that a fellow inmate had prepared all his court filings and that his case would require testimony from a medical expert. Ruiz added that he was experiencing difficulties accessing the prison law library. The district court denied the motion, reasoning that Ruiz "appears to be literate" and had filed "cogent pleadings." Further, the court stated, Ruiz had personal knowledge of the relevant facts, and expert testimony was not clearly necessary. Ruiz moved the court to reconsider its decision, again emphasizing that all of his filings—including his complaint, IFP application, and motion for counsel—had been prepared by a fellow inmate. The court denied the motion to reconsider.

About two months later, several defendants moved to dismiss the suit under 28 U.S.C. § 1915(e)(2)(A), arguing that Ruiz had failed to disclose to the court a "true and accurate accounting of his financial situation." The defendants attached a statement for Ruiz's inmate account, showing that in the preceding *twelve* months he had received $2,320 from four people. They also attached Ruiz's commissary receipts, which showed that he spent more than $1,600 at commissary in the past year.

Ruiz responded that any errors in his IFP application stemmed from "mere oversight" and did not warrant dismissal of his suit. Marking "no" next to the query

about "gifts" was not an attempt to "hide assets," he asserted, because he believed that the money received from his supporters over the past six months was "covered" by the account statement he submitted to the court. He further explained that he had "no way" to disclose funds received earlier because inmates are entitled to statements spanning only six months, not a year, and he "[could] not remember how much [money] was sent [to him] and when or by who."

Ruiz also sought leave to amend his IFP application to "correct the oversight/defect that the defendants point[ed] out." He attached an amended application (also handwritten), which omitted the question about other income sources. At the bottom of the form, Ruiz wrote that "[d]ue to the support [he] receives monthly, yearly, [he] can pay the filing fee in payments," but that he "does not have the money to … pay it all at once."

The district court dismissed Ruiz's complaint with prejudice, finding that he had "committed a fraud upon the Court" by misrepresenting his financial condition. The court determined that Ruiz was "not honest" on the IFP form, and that his allegation of good faith was disproved by three facts. First, in choosing to handwrite his IFP application rather than use the district's pre-printed form, Ruiz "arbitrarily placed a $200.00 cap or limit on the income or gifts that he received." Because the district's pre-printed form contained no such qualification, the court construed this insertion as "a means of hiding" the gifts that Ruiz had received in the year before filing suit. Second, the court "simply [did] not believe" Ruiz's claim that he "forgot" about gifts totaling more than $2,200. Third, his purchase of commissary items totaling more than $1,600 in the year preceding his application reflected his awareness that he had funds coming in "from somewhere or from someone," yet he did not disclose this to the court. In the court's view, Ruiz "drained" his inmate account at the commissary before filing suit. The court also denied Ruiz leave to file an amended IFP application, stating that he "cannot claim a *mea culpa* and simply amend his petition after making false statements."

On appeal, Ruiz primarily argues that the district court erred by dismissing his suit "without any proof" that he actually intended to defraud the court. Under § 1915(e)(2)(A), a court "shall dismiss" a case at any time if it determines that a plaintiff's "allegation of poverty is untrue." In this context, "untrue" means "something like 'dishonest' or 'false,' rather than simply 'inaccurate,'" and does not "sweep in an inaccuracy that was the product of confusion or misunderstanding." *Robertson v. French*,

949 F.3d 347, 351 (7th Cir. 2020). We review the district court's factual findings for clear error, and its dismissal of Ruiz's suit with prejudice for abuse of discretion. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307–08 (7th Cir. 2002).

The record does not support a finding that Ruiz's allegation of poverty was fraudulent or "untrue" within the meaning of § 1915(e)(2)(A). In concluding otherwise, the district court relied in part on Ruiz's insertion of the $200 qualification for disclosing certain income sources. Although the Central District of Illinois's printed IFP form contains no such threshold (as the district court noted), its inclusion on Ruiz's handwritten form does not necessarily show dishonesty or fraud. Ruiz explained that he did not receive the Central District's form (a fact that is undisputed), so he hand-copied one he obtained from another inmate. The record does not reflect which district's form he copied, but we note that the IFP form recently used in the Northern District of Illinois included an identical $200 qualification. (Effective this month, the Northern District revised its form to remove this limit.) We thus disagree that the inclusion of this language on Ruiz's form necessarily shows an intent to deceive the court.

The district court also mischaracterized Ruiz's explanation for not disclosing income that extended back a full year. Ruiz did not state that he "forgot" about receiving approximately $2,200 (which, we agree, would be implausible), but that, without a more complete account statement, he could not recall how much money each supporter had sent him and when. The IFP statute requires that an inmate submit a funds statement only "for the 6-month period immediately preceding the filing of the complaint," 28 U.S.C. § 1915(b)(1)(B), which Ruiz did. And although the IFP application requires a twelve-month accounting, Ruiz explained that he was unable to obtain a full year's statement from the prison. Because the record does not support a finding that Ruiz intentionally lied on his IFP application, the district court's finding to the contrary is clearly erroneous.

Before dismissing a suit with prejudice, "district courts must ensure that a prisoner's negligent or even reckless mistake is not improperly characterized as an intentional and fraudulent act." *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 881 (7th Cir. 2019). The district court did not do so here. In our view, Ruiz tried (however ineffectively) to disclose, not hide, his assets; along with his IFP form, he included his inmate trust-fund account statement reflecting receipt of $750 from outside sources in the six months before he filed suit. He should have disclosed these amounts on the form itself, but his explanation for not doing so (i.e., he thought the attached statement was

No. 19-1425                                                                                    Page 5

adequate) was not willfully deceptive. See *Hodges v. Ghosh*, 592 F. App'x 522, 522–23 (7th Cir. 2015). Indeed, his attachment of an account statement proved sufficient in the past; in a prior case, a judge on the Northern District of Illinois granted Ruiz IFP status based on a materially identical application (in which he did not disclose certain funds on the form itself, but did so in an attachment). See *Ruiz v. Williams*, No. 14 C 2750, Docs. 3 & 6 (N.D. Ill. 2014). From the record before us, we cannot conclude that the errors in Ruiz's application were the kind of intentional and fraudulent omissions that might justify dismissal of his suit with prejudice—a "draconian" sanction reserved for "the most extreme situations." *Greyer*, 933 F.3d at 877.

Ruiz also challenges the denial of his motion for recruitment of counsel—a ruling that we review for an abuse of discretion and will reverse only if prejudice is shown. *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc). Here, the district court erred in its assessment of Ruiz's competence by failing to consider the significance of another inmate's assistance. See *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (district court should assess inmate's "personal ability to litigate the case, versus the ability of the 'jailhouse lawyer' who … was helping him"). But Ruiz cannot show "a *reasonable likelihood* that the presence of counsel would have made a difference in the outcome of the litigation." *Pruitt*, 503 F.3d at 659. He argues that counsel would have "corrected [the] error" in his IFP application, thus "avoid[ing] dismissal." But IFP status is a prerequisite for obtaining court-recruited counsel, see 28 U.S.C. § 1915(e)(1), so counsel could not have helped in this regard.

We have considered Ruiz's other arguments, and none has merit.

Accordingly, we REVERSE the judgment of the district court in part, AFFIRM in part, and REMAND this case for further proceedings consistent with this order.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

March 3, 2020

CERTIFIED COPY

A True Copy

Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Before:

DIANE P. WOOD, *Chief Circuit Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 19-1425 | ISRAEL RUIZ,<br>Plaintiff - Appellant<br><br>v.<br><br>CATALINO BAUTISTA, et al.,<br>Defendants - Appellees |

| Originating Case Information: |
|---|
| District Court No: 4:18-cv-04155-CSB<br>Central District of Illinois<br>District Judge Colin S. Bruce |

We **REVERSE** the judgment of the district court in part, **AFFIRM** in part, and **REMAND** this case for further proceedings consistent with this order.

The above is in accordance with the decision of this court entered on February 28, 2020. Each party should bear their own costs.

form name: **c7_FinalJudgment**(form ID: **132**)